UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KERRI ANN G.,<br><br>                  Plaintiff,<br><br>   v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No. 3:22-CV-5791-TLF<br><br>ORDER REVERSING AND REMANDING FOR AWARD OF BENEFITS |

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's ("ALJ") August 1, 2022 decision (AR 1202-1214) finding that plaintiff was not disabled. Dkt. 4, Complaint.

      Plaintiff filed applications for SSI and DIB on August 28, 2014, with an amended date of onset alleged as January 1, 2013. AR 16, 237-249. In a previous decision, the Commissioner found plaintiff was disabled under the Medical Vocational Guidelines as of July 25, 2016, but not on or before her date-last-insured for purposes of the DIB criteria, March 31, 2015. AR 16, 24-25. Therefore, the relevant date range for reviewing whether plaintiff meets the criteria for disability for purposes of this appeal is between

January 1, 2013, and March 31, 2015, for the date-last-insured requirement of DIB – and between January 1, 2013, and July 24, 2016, for SSI purposes. AR 1226.

The parties agree this case must be reversed and remanded. Dkt. 17, Defendant's Brief; Dkt.19, Reply Brief. The Court agrees; the errors of the ALJ resulted in a residual functional capacity ("RFC") that does not include relevant work-related limitations, the RFC therefore is deficient, and the error is not harmless. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1052, 1054 (9th Cir. 2006)*; see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). Plaintiff argues the proper remedy is to reverse and remand for award of benefits; defendant contends the Court should remand for additional proceedings.

## DISCUSSION

"'The decision whether to remand a case for additional evidence, or simply to award benefits [,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels,* 874 F.3d 648, 668 (9th Cir. 2017)

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

"(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, plaintiff asks that the Court remand for an award of benefits based on the ALJ's errors in evaluating the medical opinion evidence and plaintiff's testimony about symptoms and work-related limitations. There have been two previous decisions of the Court (AR 965-980) (AR 1272-1282), reversing and remanding for additional proceedings. Providing another opportunity to assess improperly evaluated evidence does not qualify as a remand for a "useful purpose" under the first part of the credit as true analysis. *Garrison*, 759 F.3d at 1021-22, (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")).

The medical opinion evidence shows the RFC is erroneous; the ALJ would be required to find plaintiff disabled on remand because she would be limited to occasional handling and fingering due to rheumatoid arthritis ("R.A".), and time off-task (more than 25% of the workday) and absenteeism (missing more than four days of work per month) due to unpredictable anxiety attacks which would cause plaintiff to not be able to sustain

1  full time employment. *E.g.,* AR 83 (opinion of Dr. Brown, December 2014, R.A. first
2  diagnosed in 2010, has affected plaintiff's ability to perform simple motor tasks and fine
3  movement); AR 128 (Opinion of Dr. Platter, wrist x-rays in September 2014 support
4  diagnosis of R.A. in both wrists); AR 405 (Dr. Peterson opined that plaintiff's emotional
5  symptoms of her panic disorder were progressively worsening, in October 2012); AR
6  408-411 (Dr. Gary Gaffield, in October 2012, assessed plaintiff with impaired dexterity,
7  strength, and grip of left hand, impairment of left wrist, opined that plaintiff would
8  occasionally be able to perform manipulative activities due to R.A deformities of hands
9  and impaired dexterity due to R.A.); AR 1097-1106 (opinion of Clinical Social Worker
10 Terry Fouts, LICSW, dated April 15, 2020, that plaintiff was severely limited [AR 1103-
11 1104] in her ability to sustain ordinary work routines or regular attendance, and in her
12 ability to manage psychologically-based symptoms; plaintiff would have been off task
13 due to mental impairments or side-effects of medication more than 25% of an eight-hour
14 workday, and would have been absent unpredictably four or more work days per month
15 during the relevant period between January 1, 2013 and March 31, 2015 for the date-
16 last-insured requirement of DIB, and also through July 24, 2016 for SSI).

   Plaintiff's statements about symptoms and limitations relating to R.A. in her wrists
18 and hands (AR 1229-1231), as well as anxiety and panic attacks (AR 1233-1238),
19 during the relevant period are supported by the record, and the ALJ erred by
20 discounting plaintiff's testimony.
21   The ALJ's hypothetical to the Vocational Expert ("VE") included only "frequent
22 handling or fingering." AR 1246. The VE confirmed, during questioning by plaintiff's
23 counsel, that if the person was limited to occasional reaching, fingering, and handling,

4

1  then none of the proposed occupations at step five would be possible. AR 1248. The

2  ALJ found plaintiff had the RFC to frequently handle and finger. AR 1206. Yet, Dr.

3  Gaffield's opinion shows that plaintiff would have only been able to occasionally reach,

4  finger, or handle. AR 408-411.

5        The VEs, over the course of three hearings, testified that a person who is off task

6  for either 10% or 15% of the workday would not be able to sustain full-time employment.

7  AR 65, 917, 1247. The VEs testified that a person who unpredictably is absent more

8  than one day or more than two days each month, would not be able to sustain full time

9  employment. AR  65, 917, 1247-1248. There is no ambiguity in the record, and no

10 useful purpose would be served by additional proceedings. Accordingly, if the Court

11 credits as true the medical opinion evidence of Dr. Gaffield and Terry Fouts, LICSW,

12 and the relevant testimony from plaintiff, the result is a finding of disability. The Court

13 will remand for an award of benefits, as this is an exceptional case, and an award of

14 benefits is the appropriate remedy. *Trevizo,* 871 F.3d at 683; *Revels,* 874 F.3d at 668-

15 669.

16                                    CONCLUSION

17       Based on the foregoing discussion, the Court concludes the ALJ improperly

18 determined plaintiff to be not disabled, and the case is an exceptional one that fits within

19 the criteria described in *Trevizo,* 871 F.3d at 683; and *Revels,* 874 F.3d*,* at 668-669,

20 where the remedy of remand for award of benefits is appropriate.

21 //

22 //

23 //

24 //

25

1  Therefore, the ALJ's decision is reversed and remanded for award of benefits.

Dated this 13th day of October, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge